IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SWANDA BROTHERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-199-D |
| | ) | |
| CHASCO CONSTRUCTORS, LTD, L.L.P., | ) | |
| | ) | |
| Defendant. | ) | |

### **O R D E R**

Before the Court is F.G. Haggerty Company, Inc.'s Motion for Leave to Intervene [Doc. No. 11], filed May 9, 2008, pursuant to Fed. R. Civ. P. 24(b). F.G. Haggerty Company ("Haggerty") is a subcontractor of Plaintiff Swanda Brothers, Inc. Plaintiff has brought this action to recover from Defendant sums allegedly due for work done on a construction project. Haggerty seeks permissive intervention to assert a claim against Plaintiff for the unpaid balance allegedly due under their subcontract and to assert an equitable interest in any funds due Plaintiff from Defendant on account of Haggerty's work; Haggerty proposes to assert no claim directly against Defendant. Haggerty contends this fact is important because the proposed intervention complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and diversity of citizenship exists between Plaintiff and Haggerty but not between Haggerty and Defendant.

Plaintiff has responded by stating that it has no objection to the requested intervention if the Court's jurisdiction is unaffected and if it is permitted to amend its Complaint to clarify its claim against Defendant. Defendant has made no timely response to the Motion and has stated no position concerning it.

Haggerty presents legal authorities for the proposition that this Court can entertain in this case an additional claim for which independent federal jurisdiction exists and which shares with the

main action a common question of law or fact.  *See* Fed. R. Civ. P. 24(b)(1)(B).  While this general principle is firmly established, its application to the facts of this case is problematic.  None of the authorities cited by Haggerty involves similar circumstances, that is, a permissive intervention to assert a claim against one party of diverse citizenship without regard to the citizenship of other parties.  In Haggerty's view, the lack of diversity between itself and Defendant can simply be disregarded.

Haggerty attempts to structure its proposed action in a way that takes no position on either side of the main action between Plaintiff and Defendant, characterizing itself as a cross-plaintiff. Nevertheless, to show the propriety of its joinder in this action under Rule 24(b), Haggerty asserts that its claim "is intertwined with Plaintiff Swanda's claim" and it has "an equitable lien interest in those funds" allegedly due Plaintiff from Defendant.  *See* Motion [Doc. 11], ¶ 4; Ex. 1 [Doc. 11-2], ¶¶ 15-16.  In other words, as between the original parties, Haggerty is aligned with Plaintiff.  An examination of Haggerty's proposed complaint confirms this fact.  The subcontract on which Haggerty bases its claim provides for Haggerty to perform work on the construction project in accordance with the project documents and Defendant's schedule, and for Plaintiff to pay Haggerty "after receipt by [Plaintiff] of payment from [Defendant]."  *See* Motion,  Ex. 2 [Doc. 11-3] at 1. Haggerty claims it has not been timely paid because "[a] reasonable time has expired for [Plaintiff] to have received payment from [Defendant] for Haggertys' work."  *See* Motion, Ex. 1 [Doc. 11-2], ¶ 12.  Plaintiff confirms in its response to the Motion that Plaintiff's claims against Defendant encompass Plaintiff's obligations to Haggerty; Plaintiff seeks relief for itself and "to cover reimbursement for relief sought by Haggerty."  *See* Pl.'s Resp. Mot. Intervene [Doc. 12], ¶ 3.  Thus, regardless how Haggerty wishes to characterize its claim, its proper position with respect to the main action lies on Plaintiff's side of the case, joining in the quest for payment by Defendant.

The accepted rule is that "'[d]iversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action' . . . [unless] it is determined that the later-joined, non-diverse party was indispensable to the action at the time it commenced." *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)); *see Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1367 (10th Cir. 1982). In this case, the record currently contains no basis to conclude that Haggerty is an indispensable party to the original action; thus Haggerty's joinder by intervention would not affect the Court's jurisdiction of Plaintiff's Complaint against Defendant. Whether Haggerty may properly intervene to assert its claim in this action, however, depends on the concept of pendent party jurisdiction. Beginning in 1990, this concept became controlled by a federal statute authorizing supplemental jurisdiction over related claims, 28 U.S.C. § 1367(b).

Section 1367(b) authorizes the intervention of additional parties with related claims that form part of the same case or controversy, unless the intervenor seeks joinder as a plaintiff and the exercise of jurisdiction "would be inconsistent with the jurisdictional requirements of section 1332." *See* 28 U.S.C. § 1367(b). The proper interpretation of the quoted phrase has been the topic of much legal discussion but few reported judicial decisions; even fewer courts have considered its implication for permissive intervenors. Upon careful consideration, the Court finds that Haggerty's intervention would not be inconsistent with Section 1332 due to the diversity of citizenship between Haggerty and Plaintiff, the adverse parties under the proposed complaint in intervention. *See TIG Insurance Co. v. Reliable Insurance Co.*, 334 F.3d 630, 633-34 (7th Cir. 2003) (federal jurisdiction did not exist for an intervening plaintiff's claim against a nondiverse party, but did exist for claims between diverse parties). As noted by Haggerty and Plaintiff, their dispute could proceed in federal court as a separate action or could be filed separately and consolidated with this one into a single

case. Therefore, Haggerty's proposed action does not expand the Court's jurisdiction beyond its authorized reach.

The question remains whether the Court should exercise its discretion to allow Haggerty's permissive intervention into this case. Clearly, the request to intervene was timely made. The Motion was filed before the initial scheduling conference was held. At this point, it also appears the two interrelated actions could be resolved more efficiently in a single proceeding. Plaintiff's claims for payment from Defendant are based, in part, on Haggerty's work on the project. Haggerty alleges that common issues between the two actions include issues arising from Defendant's contention, as a defense to payment of Plaintiff, that "some of Swanda's work that Haggerty performed was deficient." *See* Motion, Ex. 1 [Doc. 11-2], ¶ 17. Accordingly, due to the apparent factual overlap of the two cases, the Court finds that intervention should be permitted.

IT IS THEREFORE ORDERED that the Motion for Leave to Intervene [Doc. No. 11] is GRANTED. F.G. Haggerty Company, Inc. may intervene as a party plaintiff by filing its proposed complaint in intervention within five (5) days from the date of this Order. Plaintiff Swanda Brothers, Inc. should file a separate motion to amend its pleading, as required by Local Civil Rule LCvR7.1(c).

IT SO ORDERED this 5th day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE