IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SWANDA BROTHERS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-08-199-D |
| CHASCO CONSTRUCTORS, LTD, L.L.P., | ) |
| Defendant, | ) |
| and | ) |
| F. G. HAGGERTY COMPANY, INC., | ) |
| Intervenor. | ) |

**O R D E R**

Before the Court is Defendant Chasco Constructors, Ltd., L.L.P's Motion to Dismiss [Doc. No. 44]. Citing Fed. R. Civ. P. 12(b)(6), the Motion requests dismissal from the case for the reason that "the pleadings on file fail to state a claim for which relief can be granted." Plaintiff has timely responded in opposition to the Motion, correctly noting that procedurally it is one for judgment on the pleadings under Rule 12(c). The Motion is at issue.

**Standard of Decision**

The same standard governs motions under Rule 12(b)(6) and Rule 12(c). *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). Dismissal is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007). The question to be decided is "'whether

the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)).

**Discussion**

Neither party addresses the sufficiency of Plaintiff's allegations under this standard. Rather, the issue raised in the Motion and argued in the briefs is whether the written subcontract underlying Plaintiff's claim for breach of contract contains an enforceable "pay-if-paid" clause, where it states: "Payment to the Contractor by Owner is a condition precedent to Contractor's duty to pay Subcontractor." *See* Motion [Doc. 44] at 3. Defendant argues this clause is sufficiently similar to the one in *MidAmerica Construction Management, Inc. v. Mastech North America, Inc.*, 436 F.3d 1257 (10th Cir. 2006), to conclude that Defendant has no legal obligation to pay Plaintiff for work performed under the subcontract until Defendant receives payment for the work from the owner. This same issue is the subject of a pending motion by Defendant for partial summary judgment on Plaintiff's claim for payment under the subcontract. *See* Def.'s Counter Motion for Partial Summary Judgment [Doc. No. 54].

The Complaint alleges facts concerning the subcontract, alleges that Plaintiff has performed all conditions precedent under the subcontract, and alleges that Defendant has failed to perform its contractual obligations by failing to notify Plaintiff of changes in contract drawings, impairing Plaintiff's access to work areas by improper work sequencing, and failing to complete associated work that has prevented Plaintiff from doing its work in a reasonable amount of time. *See* Compl. ¶¶ 8-9. Plaintiff seeks damages for increased costs due to work changes and conditions, additional costs caused by delay, and unpaid sums allegedly due under the subcontract.

The Court finds Plaintiff has alleged sufficient facts to support a breach of contract claim. Federal pleading rules specifically permit a party to plead generally that all conditions precedent have been satisfied; only when denying a condition precedent has occurred, "a party must do so with particularity." Fed. R. Civ. P. 9(c). Notably, Defendant in its Answer has not pled with particularity that payment by the owner is a condition precedent to recovery that has not been performed. *See* Answer [Doc. No. 8]. Therefore, the Court finds that Defendant is not entitled to dismissal on the pleadings alone, regardless of the legal effect of the contractual clause at issue. That issue will be addressed by the Court in ruling on Defendant's summary judgment motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 44] is DENIED.

IT SO ORDERED this 5th day of February, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE