# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SWANDA BROTHERS, INC., an Oklahoma Corporation, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-08-199-D |
| CHASCO CONSTRUCTORS, LTD., L.L.P., a Texas limited partnership, | )<br>)<br>) |
| Defendant, | ) |
| and | ) |
| F. G. HAGGERTY COMPANY, INC., | ) |
| Intervenor. | ) |

## ORDER

Before the Court is the Motion for Partial Summary Judgment [Doc. No. 41] filed by Plaintiff Swanda Brothers, Inc. ("Swanda"). Also before the Court is the Motion for Partial Summary Judgment [Doc. No. 54] filed by Defendant Chasco Constructors, Ltd., L.L.P. ("Chasco"). The parties filed timely responses, and filed supplemental briefs following additional discovery.

Swanda brought this action to recover amounts allegedly due from Chasco pursuant to the terms of a contract (the "Subcontract") whereby Swanda performed work as a subcontractor on a project for which Chasco was the general contractor. Chasco contracted with Kiowa Casino Operating Authority ("KCOA") to build the Kiowa Casino in Cotton County, Oklahoma (the "Casino"). Swanda alleges that, although it was paid $2,868,296.00 by Chasco, it is owed an additional $320,885.00 for its work pursuant to the Subcontract. Chasco does not dispute that Swanda performed work for which it has not been paid; however, Chasco contends that payment

is not due until KCOA makes final payment to Chasco for the Casino work.[1] According to Chasco, KCOA has not made final payment. Chasco also argues that KCOA has not accepted all work performed by Swanda, a contention disputed by Swanda.

In its partial summary judgment motion, Swanda seeks a ruling that, as a matter of law, the payment by KCOA to Chasco is not a condition precedent to Chasco's obligation to pay the amounts due and owing to Swanda under the Subcontract. Chasco's motion seeks a ruling that its receipt of payment from KCOA is a condition precedent to its obligation to pay Swanda. The parties' dispute centers on their respective interpretations of the Subcontract provisions; accordingly, both ask the Court to interpret the Subcontract.

Summary judgment standards:

Summary judgment is proper where the undisputed material facts establish that a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To dispute a material fact, a party must offer more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict" for him. *Id.* The facts and reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *MacKenzie v. City & County of Denver*, 414 F. 3d 1266, 1273 (10th Cir. 2005).

"Under Oklahoma law, the interpretation of a contract is a question of law." *Edwards v. Doe*, 331 F. App'x 563, 571 (10th Cir. 2009) (unpublished) (citing *May v. Mid-Century Ins. Co.*, 151

---

[1] Pursuant to a third-party claim asserted by Chasco, KCOA has been named a third-party defendant in this case. KCOA has moved to dismiss the third-party claim, and that motion will be addressed in a separate order.

P. 3d 132, 140 (Okla. 2006)).[2]  Whether the contract is ambiguous and requires extrinsic evidence to clarify the doubt is also a legal question for the Court. *M. J. Lee Const. Co. v. Oklahoma Transportation Authority*, 125 P. 3d 1205, 1210 (Okla. 2005); *Pitco Construction Company v. Chaparral Energy, Inc.*, 63 P. 3d 541, 545 (Okla. 2003).  Where a contract is not ambiguous, its interpretation presents a legal question which may be determined by the Court in a summary judgment motion. *Geico General Insurance Co. v. Northwestern Pacific Indemnity*, 115 P. 3d 856, 858 (Okla. 2005).  However, "[w]hen a contract is ambiguous, and parties present conflicting evidence regarding their intent at the time of the agreement, a genuine issue of material fact exists which cannot be determined summarily by the court." *SCO Group, Inc. v. Novell, Inc.*, 578 F. 3d 1201, 1214 -1215 (10th Cir. 2009).

Application:

In this case, it is not disputed that Swanda and Chasco executed the Subcontract on or about September 15, 2006; pursuant to its terms, Swanda was to perform work as a subcontractor in connection with the construction contract executed by Chasco and KCOA. A copy of the Subcontract executed by Swanda and Chasco is submitted as an attachment to the affidavit of Swanda's president, Chuck Cooley, Swanda's Exhibit 1.

It is also not disputed that Swanda commenced performance pursuant to the Subcontract, and Chasco has paid Swanda a total of $2,868.296.00 for its work. The parties further agree Chasco has not paid to Swanda the remaining amounts represented by vouchers submitted to it by Swanda; the parties also agree the unpaid balance exceeds $300,000.00.[3]

---

[2] The parties agree that Oklahoma law governs the interpretation of the Subcontract.

[3] Although the parties agree an unpaid balance remains, they disagree as to the exact amount. Swanda contends it is owed $320,855.00, while Chasco argues the unpaid amount is $320,542.66.

Swanda argues that it is currently owed the balance due for work performed pursuant to the Subcontract, while Chasco contends further payment is not yet due because it has not received full payment from the Owner, KCOA. The parties' dispute centers on their respective interpretations of Section 2 of the Subcontract. Additionally, Swanda contends that all work it performed has been accepted by KCOA, but Chasco argues that KCOA has not fully accepted Swanda's work.

Section 2 of the Subcontract provides as follows:

> Payment to [Chasco] by Owner is a condition precedent to [Chasco's] duty to pay [Swanda]. [Chasco] shall withhold retainage from [Swanda's] progress payments at a rate equal to the percentage retained by Owner from payments to [Chasco]. [Swanda] shall not be entitled to receive final payment under this Subcontract until all work to be done hereunder has been accepted by Owner and a complete release of any and all claims against [Chasco] has been delivered by [Swanda] to [Chasco].

Subcontract, Swanda Ex. 1-A. Chasco argues this provision should be interpreted as a "pay if paid" clause whereby its obligation to pay Swanda and other subcontractors is not triggered until Chasco receives full payment from KCOA. Thus, Chasco argues payment by KCOA is a condition precedent to Chasco's obligation to pay Swanda. In this case, KCOA has withheld final payment, and it claims offsets based on problems with the work performed on the contract.[4] Swanda contends that Section 2 is not an enforceable "pay if paid" clause, arguing the clause is, at best, ambiguous.

Under Oklahoma law, a contract is "ambiguous if it is reasonably susceptible to at least two different interpretations." *M. J. Lee*, 125 P. 3d at 1213. "The mere fact that the parties press for different interpretations" of a contractual provision does not render the provision ambiguous. *Id.* at 1210. Accordingly, the fact that Swanda and Chasco interpret Section 2 of the Subcontract differently does not create an ambiguity. Instead, the Court must examine the Subcontract to

---

[4] As explained herein, Chasco and Swanda dispute whether the claimed offsets involve work performed by Swanda. Swanda argues KCOA has accepted all work it performed under the Subcontract, but Chasco contends KCOA has claimed offsets based in part on Swanda's work.

4

determine if Section 2 is reasonably susceptible to different interpretations. *M. J. Lee*, 125 P. 3d at 1213. To do so, the Court must examine "the language of the entire agreement," and consider the contract "as a whole so as to give effect to all its provisions," each provision helping to explain the others. *Pitco Production Company*, 63 P.3d at 546 and n. 20. The determination of whether a contract is ambiguous is made only *after* application of the pertinent rules of construction. *State ex rel. Commissioners of Land Office v. Butler*, 753 P.2d 1334, 1336-37 (Okla. 1987), *cert. denied*, 488 U.S. 993 (1988).

The Oklahoma statutory rules of construction establish that: the language of a contract governs its interpretation, if the language is clear and explicit and does not involve an absurdity (15 Okla. Stat. § § 154, 155); a contract is to be taken as a whole, giving effect to every part if reasonably practicable, each clause helping to interpret the others (15 Okla. Stat. § 157);[5] a contract must receive such an interpretation as will make it operative, definite, reasonable, and capable of being carried into effect (15 Okla. Stat § 159); words of a contract are to be given their ordinary and popular meaning (15 Okla. Stat. § 160); and a contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates (15 Okla. Stat. § 163).

The Subcontract before the Court contains clear and express language stating that Chasco's receipt of payment by KCOA is a "condition precedent" to Chasco's obligation to pay its subcontractors. Section 2, Subcontract, Swanda Ex. 1-A. There is no ambiguity in that language. However, Swanda contends that the additional language in Section 2 creates an ambiguity because it also discusses other factors which impact payment for Swanda's work. According to Swanda, the fact that Section 2 also discusses the withholding of retainage from progress payments renders the

---

[5]"A contract must be considered as a whole ... without narrowly concentrating upon some clause or language taken out of context." *Mercury Investment Company v. Woolworth Company*, 706 P.2d 523, 539 (Okla. 1985).

5

entire provision ambiguous.

The Court concludes that Section 2 is not ambiguous. Notwithstanding its inclusion of language regarding retainage, it clearly and expressly states that payment to Chasco by KCOA as the owner is a "condition precedent" to Chasco's "duty to pay" Swanda; it also states that Swanda "shall not be entitled to receive final payment under this Subcontract until all work to be done hereunder has been accepted by Owner," and a complete release has been delivered. Section 2, Subcontract, Swanda Ex. 1-A. This language simply creates additional requirements for payment, as in the case where Chasco has been paid by the owner, but claims between Chasco and its subcontractor have not been fully released. The language is unambiguous. Swanda points to no other provision of the Subcontract to support its claim of ambiguity; nor does Swanda submit legal authority which compels a contrary conclusion.

*Midamerica Construction Management, Inc. v. Mastec North America, Inc.*, 436 F. 3d 1257 (10th Cir. 2006), cited by Swanda in its brief, does not compel a conclusion that Section 2 is ambiguous. In *Midamerica*, the Tenth Circuit considered a claim similar to that asserted by Swanda, as the subcontractor argued that the contractor owed payment for work performed prior to the owner's payment to the contractor; the contractor argued it was not obligated to pay the subcontractor until the owner paid it for work performed on the project. The Circuit analyzed the enforceability of the clause at issue according to Texas and New Mexico law;[6] it concluded both states would enforce the clause if it was unambiguous. The subcontract clause at issue provided:

> Upon final acceptance of the Work by Contractor and Owner, Contractor will pay Subcontractor for the Work at the prices and schedule and in the manner described

---

[6] The subcontract at issue provided that it would be governed by the law of the state where the work was performed; the Tenth Circuit concluded that work was performed in both Texas and New Mexico. Applying a choice of law analysis, the Circuit determined the clause at issue should be considered under the law of both states.

6

> on the Work Order(s); provided that, all payments to the Subcontractor by Contractor are expressly contingent upon and subject to receipt of payment for the Work by Contractor from Owner, even if (a) Contractor has posted a payment bond with Owner or (b) the Primary Contract is on a "cost plus" or other reimbursement basis requiring the Contractor to pay subcontractors prior to being reimbursed by Owner.

*Midamerica*, 436 F. 3d at 1262. The Circuit determined that language making payment to the subcontractor "contingent upon and subject to receipt of payment for" the contractor's work unambiguously made such payment a condition precedent to the contractor's duty to pay the subcontractor.[7] *Id.* at 1264, 1267. Comparing the language at issue in *Midamerica* with Section 2 of the Subcontract in this case, the Court concludes that the language in Section 2 is at least as clear and direct as that considered in *Midamerica*, if not more so, as it expressly provides that payment by the owner is a condition precedent to Chasco's duty to pay Swanda.

In *Midamerica,* the Circuit explained that the clause at issue constituted a "pay if paid" clause which makes the owner's payment to the general contractor a condition precedent to the general contractor's duty to pay a subcontractor, even after a reasonable time for payment to the general contractor has elapsed. *Midamerica*, 436 F. 3d at 1261-62. According to the court, the purpose of a "pay if paid" clause is to shift the risk of nonpayment by the owner from the general contractor to the subcontractor. *Id.* at 1262.

In this case, Swanda contends that Section 2 should not be interpreted to shift the risk of nonpayment to it; however, its contention is contrary to the plain and unambiguous language of Section 2. To the extent its motion seeks a contrary interpretation, the motion is denied. To the extent that Chasco's motion seeks a ruling that Section 2 creates a condition precedent and should

---

[7]The Circuit also rejected the contention by the subcontractor that the contractor's partial payments to the subcontractor, prior to final payment by the owner, established that the parties intended the subcontractor should be paid even if the owner did not make final payment to the contractor. 436 F. 3d at 1267-68. Although Swanda does not assert that argument in this case, the Court agrees with the Circuit that partial interim payments do not create an ambiguity in the subcontract or evidence sufficient to alter the "plain text of the Subcontract." *Id.* at 1268.

7

be interpreted as a "pay if paid" clause, its motion is granted.

The Court must also reject Swanda's argument that it is entitled to final payment at this time even though KCOA has withheld payment because of its dissatisfaction with the work performed. Swanda contends that the record establishes KCOA's dissatisfaction is not based on work performed by Swanda, but only on the work of Chasco or its other subcontractors. The record reflects, however, that there is a factual dispute with regard to this contention. In its response to Swanda's motion, Chasco submits affidavits which state that KCOA found problems with Swanda's work. *See* affidavit of Curtis Cline, Exhibit 2 to Chasco's response; affidavit of Lee Rhodes, Exhibit 3 to Chasco's response. Although Swanda has submitted deposition testimony of Curtis Cline and Lee Rhodes which conflict with the affidavits, those conflicts create a credibility issue which cannot properly be resolved in a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 135 (2000) (citations omitted).

Conclusion:

For the foregoing reasons, Swanda's Motion for Partial Summary Judgment [Doc. No. 41] is DENIED. Chasco's Motion for Partial Summary Judgment [Doc. No. 54] is GRANTED to the extent it seeks a ruling that Section 2 of the Subcontract is an enforceable "pay if paid" clause. To the extent the parties seek judgment regarding other issues addressed in their briefs, their motions are denied, as material fact disputes preclude judgment on the other issues.

IT IS SO ORDERED this 4th day of February, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE