# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SWANDA BROTHERS, INC., an Oklahoma Corporation, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CHASCO CONSTRUCTORS, LTD., L.L.P., )<br>a Texas limited partnership, )<br>)<br>Defendant, )<br>)<br>vs. )<br>)<br>KIOWA CASINO OPERATIONS )<br>AUTHORITY and LUNA GAMING )<br>RANDLETT, L.L.C., )<br>)<br>Third-Party Defendants, )<br>)<br>and )<br>)<br>F. G. HAGGERTY COMPANY, INC., )<br>)<br>Intervenor. ) | Case No. CIV-08-199-D |

## ORDER

Before the Court is the Motion to Dismiss [Doc. No. 71] of Third-Party Defendant Kiowa Casino Operations Authority ("KCOA"). Pursuant to Fed. R. Civ. P. 12(b)(1), KCOA seeks dismissal of the Third Party Complaint against it; it contends the Court lacks subject matter jurisdiction over that claim. Defendant Chasco Constructors, Ltd., L. L. P. ("Chasco") timely responded to the Motion, and KCOA filed a reply.

KCOA contends that the Court lacks subject matter jurisdiction over the claims asserted against it because it is an instrumentality of the Kiowa Indian Tribe of Oklahoma, a federally

recognized Indian tribe; it argues that, as a result of its status, the Court lacks jurisdiction under the doctrine of tribal immunity.  I. Background:

This lawsuit was initiated by Swanda Brothers, Inc. ("Swanda") against Chasco; Swanda seeks recovery of sums it contends are due and owing as compensation for work it performed pursuant to a subcontract with Chasco. Chasco had executed a construction agreement (the "Construction Agreement") with KCOA for the construction of a casino on Kiowa land, and it executed a subcontract with Swanda for the performance of certain work in connection with the casino construction project. Although Chasco made payment to Swanda for part of its work, final payment was withheld. In response to Swanda's demand for payment and, ultimately, this lawsuit, Chasco argued that all sums had not been paid because KCOA withheld payment on the Construction Agreement; KCOA contended that certain work was improperly performed.[1]

Chasco then filed a third-party complaint, asserting that KCOA had breached the Construction Agreement and converted funds due and owing to Chasco for work performed in constructing the casino. KCOA responded by filing this motion to dismiss, arguing tribal immunity deprives the Court of subject matter jurisdiction over Chasco's claims against it.

II. Standards governing dismissal for lack of subject matter jurisdiction:

Motions to dismiss for lack of subject matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City Of Albuquerque v. U.S. Dept. Of Interior* 379 F. 3d 901, 906 (10th Cir. 2004) (citing *Ruiz v. McDonnell*,

---

[1] Swanda and Chasco each sought partial summary judgment on the question whether their contractual arrangement required Chasco to pay Swanda regardless of the absence of payment by KCOA; in its Order [Doc. No. 96], the Court ruled in favor of Chasco and against Swanda on that issue.

299 F. 3d 1173, 1180 (10th Cir.2002), *cert. denied*, 538 U.S. 999 (2003)). If the motion challenges only the sufficiency of the jurisdiction allegations in the Complaint, the Court confines its review of the motion to the pleadings; the allegations in the Complaint are accepted as true, and the Court may not consider evidentiary material. *Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995). Where, however, the motion challenges the underlying factual basis for subject matter jurisdiction, the manner in which the motion is adjudicated differs. *Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.,* 428 F. 3d 1285, 1292 -1293 (10th Cir. 2005) (citing *Holt,* 46 F. 3d at 1002-03). In such circumstances, the Court looks beyond the Complaint, and it has wide discretion to consider documentary and even testimonial evidence; it may consider such evidence without converting the motion to one seeking summary judgment. *Holt*, 46 F. 3d at 1002-03 (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir.1987)).

However, the Court must convert the motion to a motion for summary judgment if "resolution of the jurisdictional question is intertwined with the merits of the case." *Holt***,** 46 F. 3d at 1003. The issues are deemed intertwined for this purpose where "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle v. United States*, 208 F. 3d 1220, 1223 (10th Cir.2000).

In this case, KCOA challenges the factual and legal basis for subject matter jurisdiction rather than the sufficiency of the jurisdictional allegations in the Third-Party Complaint; it argues tribal immunity precludes subject matter jurisdiction. "Tribal sovereign immunity is a matter of subject matter jurisdiction which may be challenged by a motion to dismiss under Fed. R. Civ. P. 12(b)(1)." *Miner Electric, Inc. v. Muscogee (Creek) Nation*, 505 F. 3d 1007, 1009 (10th Cir. 2007); *E. F. W. v. St. Stephen's Indian High School*, 264 F. 3d 1297, 1302-03 (10th Cir. 2001). Such a

motion may be determined without converting the motion to one for summary judgment. Chasco asserts breach of contract and conversion claims against KCOA, and resolution of the jurisdictional question does not require examination of an element of either claim. Accordingly, the Court need not convert the motion to one seeking summary judgment, and may properly consider the evidentiary materials submitted by the parties.

III. Application:

"It is well established that Indian tribes possess the common law immunity from suit traditionally enjoyed by sovereign powers." *Berrey v. Asarco, Inc.*, 439 F. 3d 636, 643 (10th Cir.2006); *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998); *Puyallup Tribe, Inc. v. Dep't of Game of the State of Wash.*, 433 U.S. 165, 172-73(1977). Tribal sovereign immunity extends to subdivisions of the tribe, including Tribal business and commercial enterprises. *Native American Distributing v. Seneca-Cayuga Tobacco Co.*, 546 F. 3d 1288, 1292 (10th Cir.2008). Absent congressional abrogation or an express waiver by an Indian tribe, sovereign immunity deprives the federal courts of jurisdiction to entertain lawsuits against an Indian tribe, its subdivisions and business entities, as well as its officials acting in their official capacities. *See Native American Distributing*, 546 F. 3d at 1293; *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

In this case, Chasco concedes that KCOA is a business entity of the Kiowa Tribe and is entitled to Tribal sovereign immunity; it expressly alleges that KCOA "is an instrumentality and business enterprise of the Kiowa Indian Tribe of Oklahoma, a federally recognized Indian tribe which has sovereign immunity." Third-party Complaint [Doc. No. 67], ¶ 1. However, Chasco argues that, by executing the Construction Agreement, KCOA expressly waived Tribal immunity

4

regarding any contractual disputes, and it also agreed to submit such disputes to formal arbitration outside the jurisdiction of the tribal courts.

Although an Indian tribe may waive its immunity, the waiver must be clear and unequivocal in order to be valid and enforceable. *C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U. S. 411, 418 (2001). In *C & L Enterprises,* the Court held that a clear and unequivocal agreement to arbitrate contractual disputes and to enforce the arbitration decision in Oklahoma state courts rather than in tribal courts constituted a clear and enforceable waiver of immunity. *Id.*, at 423. Chasco argues that, in this case, the Construction Agreement contains not only an arbitration clause but also an express waiver of tribal immunity.

The Construction Agreement contains the following provision:

ARTICLE 10 DISPUTE RESOLUTION - MEDIATION AND ARBITRATION

> § 10.1. Claims, disputes or other matters in question between the parties to this Agreement arising out of or relating to this Agreement or breach thereof shall be subject to and decided in accordance with Exhibit A attached hereto.

Construction Agreement, Chasco's Response to KCOA Motion, Exhibit A. The "Exhibit A" referenced in the Construction Agreement and submitted to the Court is entitled "Dispute Resolution." Part II is entitled "Limited Waiver of Sovereign Immunity; Specific Consent to Jurisdiction; Exhaustion of Tribal Remedies." Part II provides, in pertinent part, as follows:

> [T]he Owner [KCOA] hereby expressly and unequivocally grants to the Builder [Chasco] (and no other Person) an irrevocable limited waiver of its sovereign immunity from unconsented suit (and waives its right to assert sovereign immunity and any and all defenses based thereon) and consents to judicial proceedings, including without limitation, suit in or before the forums listed in Section II. B., solely and exclusively to:
>
> (1) resolve any dispute claim, question, controversy, action or disagreement between the Owner [KCOA] and the Builder [Chasco] that arises under this

> Agreement and/or the Contract Documents whether arising under law or in equity and whether arising during or after the expiration of this Agreement and/or the Contract Documents ("Claims");
>
> (2) to compel arbitration of a Claim under the Construction Arbitration Rules of the American Arbitration Association ("AAA");
>
> (3) to enforce (i) the arbitrators' decision with respect to arbitration of a claim under the commercial arbitration rules of the AAA or (ii) any related judgment or award of any applicable judicial body; and
>
> (4) for no other purpose whatsoever.

Construction Agreement, Exhibit A, p. 1. The courts referenced in Part II B of the Dispute Resolution agreement include "the United States District Courts for Oklahoma." *Id.*, p. 2.

KCOA concedes that the Dispute Resolution agreement contains a waiver of its tribal immunity with respect to disputes regarding the Construction Agreement. However, it argues that the waiver is invalid and unenforceable because the individuals who executed the Construction Agreement were not authorized by Kiowa law to waive tribal immunity.

As Exhibit A to the Motion to Dismiss, KCOA attaches a copy of the Constitution and Bylaws of the Kiowa Indian Tribe ("Kiowa Constitution"). As KCOA argues, the Kiowa Constitution establishes the Kiowa Indian Council as the governing body of the Kiowa Tribe. KCOA Exhibit A, Article I, Section 2. The Kiowa Constitution also establishes the Kiowa Business Committee and expressly empowers that committee to act on behalf of the Kiowa Tribe regarding specific matters; it grants to the Kiowa Business Committee express powers. *Id.* However, the Constitution provides that all other powers not vested in the Kiowa Business Committee "shall be retained by the Kiowa Indian Council." *Id.,* Article V, Sections 1 and 2. The enumerated powers granted to the Kiowa Business Committee do not include the power or authority to waive Tribal

6

immunity. Kiowa Constitution, Article V, Section 2. KCOA argues that, because all powers not granted to the Kiowa Business Committee are reserved to the Kiowa Indian Council, only the Indian Council has the power to waive tribal immunity.

In support of this contention, KCOA submits an April 23, 2009 Opinion of the Court of Indian Appeals for the Kiowa Tribe in which the Court held the Kiowa Constitution grants the Kiowa Indian Council the sole power to waive tribal immunity:

> Article V of the Kiowa Tribal Constitution delegates significant authority to the [Kiowa Business Committee]...All powers not vested in the [Kiowa Business Committee] are retained by the Kiowa Tribe acting through the Kiowa Indian Council (KIC). <u>The most significant of the powers retained by the Kiowa Tribe, is the power of the Kiowa Tribe to preserve its sovereign status. Accordingly, the KIC has sole authority to execute a waiver of tribal immunity.</u>

*Tofpi, et al. v. The Honorable Lisa Otippoby, et al.,* Trial Court Case No. CIV-09-A12; Appellate Case No. PO-09-A02, Court of Indian Appeals for the Kiowa Tribe of Indians of Oklahoma (April 23, 2009), at pages 2-3 (emphasis added), Exhibit A to KCOA reply brief. There is no evidence before the Court that, with respect to the Construction Agreement at issue in this case, such authorization was obtained; KCOA argues it was not, and the Construction Agreement does not reflect that it was executed by the Kiowa Indian Council.

Chasco argues that, notwithstanding the Kiowa Constitution and its interpretation by the tribal court, KCOA should not be allowed to avoid the jurisdiction of this Court over the asserted claims. It contends that the authority to waive immunity was never asserted by KCOA until after this litigation was filed; it further argues that KCOA represented to Chasco that it had the authority to execute the Construction Agreement and agree to the provisions regarding arbitration and the limited waiver of tribal immunity contained therein. Chasco contends that, under these

7

circumstances, the Court should conclude that it has jurisdiction over its claims against KCOA.

To determine the validity of the waiver of tribal immunity in this case, the Court would be required to examine and interpret the scope of KCOA's authority under the Kiowa Constitution. Whether KCOA's conduct in this case with regard to Chasco and the Construction Agreement may be viewed as a circumstance requiring enforcement of the tribal immunity waiver is also a matter requiring application of the Kiowa Constitution.

A federal court does not have jurisdiction to interpret an Indian tribe's constitution or laws. "'Jurisdiction to resolve internal tribal disputes, interpret tribal constitutions and laws...lies with Indian tribes and not in the district courts.'" *Sac & Fox Tribe of the Mississippi in Iowa v. Bureau of Indian Affairs*, 439 F. 3d 832, 835(8th Cir. 2006) (quoting *In re Sac & Fox Tribe of Mississippi in Iowa/Meskwaki Casino Litigation*, 340 F. 3d 749, 763-64 (8th Cir. 2003) (citing *United States v. Wheeler*, 435 U. S. 313, 323-26 (1978)); *see also Quapaw Tribe of Oklahoma v. Blue Tee Corp.*, 653 F. Supp. 2d 1166, 1191 (N. D. Okla. 2009). "[T]ribal courts are best qualified to interpret and apply tribal law." *Iowa Mutual Ins. Co. v. LaPlante*, 480 U. S. 9, 16 (1986).

Having carefully considered the facts of this case and the limitations on a federal court's jurisdiction regarding the interpretation of tribal constitutions and laws, the Court concludes that it lacks subject matter jurisdiction over Chasco's Third-Party Complaint against KCOA. Whether KCOA was properly authorized to waive tribal immunity and its proper scope of authority as a Kiowa business enterprise are matters requiring the application and interpretation of the Kiowa Constitution and bylaws. The Court lacks jurisdiction over such matters. Accordingly, the Court concludes that these issues are best resolved by the appropriate tribal court.

IV. Conclusion:

For the foregoing reasons, KCOA's Motion to Dismiss for lack of subject matter jurisdiction [Doc. No. 71] is GRANTED; Chasco's claims against KCOA are dismissed without prejudice to their assertion in a proper forum. This action will proceed on the remaining claims.

IT IS SO ORDERED this 30th day of March, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE