## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SWANDA BROTHERS, INC., an Oklahoma Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-08-199-D |
| CHASCO CONSTRUCTORS, LTD., L.L.P., a Texas limited partnership, | ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. LUNA GAMING RANDLETT, LLC, | ) ) | |
| Third-Party Defendant, | ) ) ) | |
| and | ) ) | |
| F. G. HAGGERTY COMPANY, INC., | ) ) | |
| Intervener. | ) | |

## ORDER

Before the Court is the motion [Doc. No. 168] of Defendant Chasco Constructors, Ltd.,

L.L.P. ("Chasco")  to impose sanctions against the Kiowa Casino Operations Authority ("KCOA")

for spoliation of evidence.  KCOA has filed a response, and Chasco has replied.

Background:

Plaintiff Swanda Brothers, Inc. ("Swanda") brought this lawsuit to collect amounts it claims

are due and owing to it by Chasco for work performed by Swanda as a subcontractor on the

construction of the Kiowa Casino located in Cotton County, Oklahoma (the "Casino").  Chasco, as

the general contractor for the Casino, executed a contract with KCOA to build  the Casino (the

"Construction Agreement"), and it engaged Swanda and others as subcontractors to perform certain

aspects of the construction.

As the lengthy record in this case reflects, KCOA was named by Chasco as a third-party defendant.  In its third-party complaint, Chasco argued that amounts due and owing to Swanda had not been paid because KCOA had not satisfied its payment obligations to Chasco for the completed work on the Casino.  KCOA moved to dismiss the claims against it, arguing the Court lacked subject matter jurisdiction over it because KCOA, a business entity of the Kiowa Tribe, is immune from liability on grounds of sovereign tribal immunity. KCOA argued that, as a tribal business entity, it is entitled to tribal sovereign immunity unless such immunity has been waived.  Chasco argued that, by executing the Construction Agreement, KCOA waived tribal immunity in accordance with the express terms of that agreement.  As Chasco also argued, pursuant to the express terms of the Construction Agreement, KCOA agreed to submit any contractual dispute to formal arbitration outside the jurisdiction of the tribal courts and further submitted to federal court jurisdiction. Although KCOA did not dispute that the Construction Agreement purported to expressly waive tribal sovereign immunity, it argued that the waiver was invalid because the Kiowa tribe did not authorize KCOA to waive its immunity. KCOA submitted to the Court evidence that, under the Kiowa Constitution, only the Kiowa Indian Council has the power to waive tribal immunity or authorize a tribal business entity to do so, and further argued  there was no evidence that the Kiowa Indian Council authorized KCOA to execute the waiver in the Construction Agreement.

Relying on that contention and the absence of evidence showing a waiver authorization by the Kiowa Indian Council, the Court granted KCOA's motion to dismiss.  See Order of March 30, 2010 [Doc. No. 98].  Subsequently, Chasco moved the Court to reconsider that ruling, advising the Court that additional discovery had resulted in the production of documents reflecting that, contrary

to KCOA's previous contention, the Kiowa Indian Council held an election on July 9, 2005 and approved a ballot initiative which authorized KCOA's waiver of sovereign tribal immunity as reflected in the Construction Contract. The evidence presented by Chasco also indicated the Kiowa Election Board had certified the election results on July 15, 2005, and the ballot initiative was thus approved by the Kiowa Indian Council.  Following additional briefing and oral argument, the Court entered its Order [Doc. No. 141] granting Chasco's motion to reconsider, vacating its March 30, 2010 Order and allowing the parties time to conduct jurisdictional discovery.  During jurisdictional discovery, counsel for KCOA advised Chasco that certain documents could not be located in the files of KCOA, the Kiowa business office, or the Kiowa Gaming Commission.  Chasco then filed the instant motion.

The evidence on which Chasco's motion is based consists of documents reflecting minutes of the meetings of KCOA's Board of Trustees and resolutions passed by KCOA during the time period relevant to this litigation.  KCOA was directed by the Court to produce the documents in the Court's November 2, 2011 Order [Doc. No. 167] granting Chasco's motion to compel certain discovery.  The motion to compel was filed after KCOA responded to Chasco's subpoena for production of documents.  According to Chasco, its counsel reviewed documents at KCOA's offices, where it was permitted to inspect six binders of documents, but was denied access to other binders. Chasco then filed the motion to compel, which led to the Court's November 2, 2011 Order directing KCOA to inspect all potential relevant documents in the possession of KCOA or any Kiowa tribal entity and to report its findings to Chasco.  According to Chasco, KCOA produced some documents in response to the Order.  However, Chasco states that omitted from the production were KCOA resolutions for the time period of October 1, 2005 through the present, as well as minutes of the

KCOA meetings from November 2, 2005 through January 18, 2006, from April 20, 2006 through December 14, 2006, and from January 9, 2007 through the present.  Included with KCOA's production of documents responsive to the Court's Order was a letter from its counsel in  which he discussed the procedure followed by KCOA in attempting to locate the requested documents.  His letter, submitted as an exhibit to Chasco's motion for sanctions, states that he "could not locate any other responsive documents at the offices of the Kiowa Tribe, KCOA or KGC."  Chasco motion, Ex. 1.

Chasco now seeks sanctions against KCOA because it failed to preserve evidence relevant to the issues in this lawsuit.  Chasco asks the Court to rule that KCOA's failure to preserve the documents at issue creates an inference unfavorable to  KCOA with respect to its contention that KCOA was not authorized to waive sovereign tribal immunity in the Construction Agreement. KCOA responds by arguing the missing documents are not relevant to the issues in this lawsuit, and Chasco cannot show that it is prejudiced by the absence of these documents.

As Chasco points out, KCOA was required by both its own charter and the Kiowa Code of Gaming Regulations to preserve and maintain minutes of the meetings of KCOA's board and its committees.  Second Amended and Restated Charter of the KCOA, §§ 13.16 and17.02, submitted as Ex. 2 to Chasco's motion; Kiowa Code of Gaming Regulations § 4.02, submitted as Chasco Ex. 3.  Despite these requirements, KCOA's counsel advises Chasco and the Court that some of the Board minutes, committee minutes, and resolutions cannot be located at any office where they would normally be maintained in the ordinary course of business.  *See* letter to Chasco's counsel from KCOA counsel, Ex. 1 to Chasco motion.

Chasco argues the missing documents consisting of  minutes of KCOA meetings and

4

resolutions it enacted involve the time period of November 18 through December 31, 2005, a time period critical to this litigation because this was the time in which the evidence suggests the KCOA Board passed a resolution approving the Construction Agreement which is the subject of this litigation. *See* October 25, 2005 Minutes of Special Meeting of KCOA Board of Trustees, Chasco Reply Ex. 2. The resolution also has not been produced, and is among the items which KCOA's counsel has not located. As Chasco points out, the minutes of the KCOA Board of Trustees meeting on November 1, 2005 reflect that the Chasco agreement was approved by a resolution at that meeting, subject only to a review by KCOA's attorney of the construction and design agreements. *See* November 1, 2005 minutes, Ex. 4 to Chasco's motion.

As Chasco argues, the record before the Court reflects that KCOA appears to have maintained copies of the minutes of all meetings in 2005 and 2006 except those that occurred during the time period in which the Construction Agreement was purportedly adopted after the November 1, 2005 meeting. In particular, there are no meeting minutes for the month of December, 2005, the month in which the Construction Agreement was executed by KCOA and Chasco.

KCOA has repeatedly argued the proper tribal entities never approved the Construction Agreement or the waiver of sovereign tribal immunity contained therein, and it has consistently asserted it is immune from liability on the claims asserted in this lawsuit. Chasco has consistently argued that, contrary to KCOA's contention, the Construction Agreement was properly authorized and approved, and KCOA was duly authorized to execute the agreement and consented to its provisions. Chasco contends its inability to review the documents, including minutes and resolutions, is prejudicial to it because the issue of KCOA's waiver of immunity is critical to the pursuit of Chasco's claims against KCOA.

Chasco argues that the omission of minutes and resolutions from the relevant time period is sufficient to support an inference that the contents of the missing documents would be detrimental to KCOA's contention that it lacked authority to waive sovereign tribal immunity, consent to federal court jurisdiction, and consent to arbitration. Thus, Chasco asks the Court to impose a sanction in the form of such an inference.

Application:

"[T]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Cache LaPoudrew Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007). A party has a duty to preserve evidence where "it knew or should have known that litigation was imminent." *103 Investors I, L.P. v. Square D Company,* 470 F.3d 985, 989 (10th Cir. 2006). The duty to preserve evidence in such circumstances imposes an obligation on the party having possession to "suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents." *F.T.C. v. Affiliate Strategies, Inc.*, 2011 WL 2084147, at *2 (D. Kan. May 24, 2011) (unpublished opinion). This also imposes upon counsel a duty to "oversee compliance with the hold by monitoring the litigant's 'efforts to retain and produce the relevant documents.'" *Id.* (quoting *School-Techs., Inc. v. Applied Resources, Inc.*, 2007 WL 677647, at *5 (D. Kan. Feb. 28, 2007) (unpublished opinion). Counsel is obligated to communicate with the party possessing the documents to ensure that all sources of relevant information may be discovered by the opposing party, that relevant information is retained on a continuing basis, and that relevant non-privileged material is produced. *Id.*

Where a party fails to comply with its obligation to preserve evidence, the Court has the discretion to impose appropriate sanctions. "'A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.'" *United States v. Hood*, 615 F.3d 1293, 1301 (10th Cir. 2010) (quoting *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1219-20 and n. 6 (10th Cir. 2008)). Where the party failing to preserve evidence is found to have acted in bad faith, a court may impose a sanction consisting of an inference that production of the evidence would have been unfavorable to the party charged with its preservation:

> [T]he general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction. The adverse inference must be predicated on the bad faith of the party destroying the records. Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.

*Dalcour v. City of Lakewood,* 2012 WL 3156342, at *11 (10th Cir. Aug. 6, 2012) (unpublished opinion) (quoting *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997)). Where a party seeks sanctions for destruction of documents, it bears the burden of showing the party to be sanctioned acted in bad faith. *Oldenkamp v. United American Insurance Co.*, 619 F.3d 1243, 1250-51 (10th Cir. 2010). "[B]ecause only the bad faith loss or destruction of a document will 'support an inference of consciousness of a weak case,' no adverse inference should arise from spoliation that is merely negligent." *Jordan F. Miller Corp. v. Mid-Continent Aircraft Service,* 1998 WL 68879, at *4 (10th Cir. Feb. 20, 1998) (unpublished opinion) (quoting *Aramburu,* 112 F.3d at 1407).

In response to Chasco's motion, KCOA argues in part that the missing KCOA minutes and resolutions are not directly relevant to the claims in this lawsuit. The Court disagrees. The record in this case establishes that whether KCOA was authorized to execute the Construction Agreement

7

and to waive tribal immunity has been an issue in this case for some time.  In fact, KCOA raised the issue in its motion to dismiss, relying substantially on the absence of evidence that such authorization existed.   After the Court granted KCOA's motion to dismiss in reliance on that argument, Chasco located documents which appear to show that KCOA was authorized, by a vote of the Kiowa Indian Council, to execute the Construction Agreement and to waive tribal immunity. The discovery of that evidence caused the Court to vacate the prior order dismissing KCOA, and to allow additional discovery on this point.  Although KCOA is correct in its contention that it could not unilaterally waive tribal immunity, the records related to its Construction Agreement with Chasco, including minutes of meetings and resolutions during the time period of November and December, 2005,  are probative of the issue of KCOA's authorization to execute the Construction Agreement and to waive tribal immunity.  Inasmuch as KCOA raised the *absence* of evidence in support of its contention that tribal immunity was not properly waived, it cannot now argue that documents which could provide such evidence are irrelevant.

Furthermore, the record reflects that, contrary to KCOA's argument, Chasco is prejudiced by the absence of these documents.  This lawsuit was filed to collect amounts due and owing for work performed by Chasco's subcontractor on the Casino construction, a project that was apparently completed long ago.  However, the record to date suggests that KCOA did not make final payment to Chasco because it claimed a number of deficiencies in the work performed by Chasco or its subcontractors.  KCOA's position with regard to the construction of the Casino is thus an important aspect of this litigation.

Chasco argues that the evidence now before the Court  is sufficient to show that KCOA has acted in bad faith by failing to preserve the minutes and resolutions which it knew were relevant and

important to the issues in this litigation. Chasco thus asks the Court to rule that KCOA's conduct justifies an inference that the missing documents are adverse to KCOA.  Although the absence of these documents is a serious concern to the Court, the record does not establish with reasonable certainty that KCOA intentionally disposed of such records.  The Court notes that KCOA's current counsel was not involved in this litigation until after Chasco filed its motion to reconsider, and it is not clear from the record that he was aware of any action taken by KCOA before he entered an appearance on its behalf.  Although KCOA's conduct may be viewed at a minimum as negligent, the Court does not find sufficient evidence to support a conclusion that it acted intentionally or in bad faith.  Given the circumstances, the Court does not find it appropriate to conclude that the absence of the records establishes a presumption that the records would not support KCOA's contention that it is entitled to tribal immunity.

Chasco argues in the alternative that, in the absence of a finding of bad faith, courts may apply a "permissive inference" that missing documents contain information detrimental to the party charged with custody of those documents.  In support of this contention, Chasco argues that proof of bad faith is not required to support other sanctions for spoliation of evidence, and suggests the Court may find a permissive inference, citing *103 Investors I, supra.*  Although Chasco is correct that *103 Investors I* held that bad faith need not be established to support all sanctions for spoliation of evidence, the decision does not discuss a sanction resulting in a "permissive inference."  Instead, it addresses the propriety of excluding testimony related to destroyed evidence.  *103 Investors I*, 470 F.3d at 988-89.  Other decisions have held that proof of bad faith is not required to support sanctions for spoliation, including dismissal of claims or exclusion of evidence.  *See, e.g., Jordan F. Miller Corp.,* 1998 WL 68879, at *4 (citing *Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806-

07 (7th Cir. 1995), *Dillon v. Nissan Motor Co.,* 986 F.2d 263, 267-69 (8th Cir. 1993), and *Unigard*

*Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368-69 (9th Cir. 1992)).

     Accordingly, to the extent Chasco contends the Court should apply a mandatory inference that the missing documents weaken KCOA's contention that it is immune from liability, the motion is denied.   Notwithstanding this conclusion, however, the Court remains very concerned that KCOA's conduct has resulted in the additional expenditure of time and effort by Chasco and the resources of the Court.   Certainly, the discovery conducted following the Court's grant of Chasco's motion to reconsider the dismissal of KCOA on jurisdictional grounds has developed evidence suggesting that, contrary to KCOA's previous argument, a waiver of tribal immunity may have been authorized by the proper tribal entity.   The Court finds that the record is now sufficient to support a permissive inference that the documents which KCOA cannot locate would be harmful to the contention that KCOA's waiver of tribal immunity was not properly authorized.

     Notwithstanding the current record,  it appears that KCOA persists in its contention that it is immune from liability in this case.  In the  Order [Doc. No. 141] granting Chasco's motion to reconsider and vacating the prior order dismissing KCOA, the Court  advised KCOA that, if it continued to have a good faith belief that the evidence warranted a renewed motion to dismiss, it could file such motion.  Order [Doc. No. 141] at p. 5.   KCOA then renewed its motion to dismiss, and Chasco responded by requesting additional discovery, ultimately filing a motion to compel which led to the current discovery issue.   In the interim, KCOA's motion was terminated in the Court file.

     The Court's Order [Doc No. 141] effectively reinstated KCOA as a third-party defendant in this case pending another motion to dismiss, but the subsequent discovery issues have prevented the

parties from fully briefing KCOA's motion to allow for a final ruling.  Accordingly, if KCOA continues to have a good faith belief that the evidence warrants a renewed motion to dismiss on tribal immunity grounds, it may file a renewed motion no later than 21 days from the date of this Order.  Responses shall be filed 14 days after the filing of the motion.  If KCOA renews its motion and continues to assert tribal immunity, the Court reserves its ability to draw a permissive inference that the documents KCOA cannot locate would be harmful to that assertion.

If KCOA does not renew its motion, it will be considered a party litigant in this action, and the action will go forward accordingly.

IT IS SO ORDERED this 25th day of September, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE