**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SWANDA BROTHERS, INC., an Oklahoma Corporation, | ) ) |
| | ) |
| Plaintiff, | ) |
| vs. | )         Case No. CIV-08-199-D |
| | ) |
| CHASCO CONSTRUCTORS, LTD., L.L.P., a Texas limited partnership, | ) ) |
| | ) |
| Defendant and Third-Party Plaintiff, | ) |
| | ) |
| | ) |
| v. LUNA GAMING RANDLETT, LLC, | ) |
| | ) |
| Third-Party Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| F. G. HAGGERTY COMPANY, INC., | ) |
| | ) |
| Intervener. | ) |

**ORDER**

Before the Court is the summary judgment motion [Doc. No. 169] of Intervener F.G.
Haggerty Company, Inc. ("Haggerty").  Pursuant to Fed. R. Civ. P. 56, Haggerty seeks judgment
on its claim for payment due and owing from Plaintiff Swanda Brothers, Inc. ("Swanda") for work
performed on a subcontract for certain construction on a casino owned and operated by the Kiowa
Casino Operating Authority ("KCOA").  Swanda timely responded to the motion, and Haggerty filed
a reply.

I.  Background

Swanda brought this action to recover amounts allegedly due from Chasco Constructors,
Ltd., LLP, ("Chasco") pursuant to the terms of a subcontract (the "Subcontract") whereby Swanda

performed construction work on the Kiowa Casino in Cotton County, Oklahoma (the "Casino"), for which Chasco was the general contractor. Chasco contracted with KCOA to build the Casino, and it engaged Swanda and others as subcontractors. In its claims, Swanda alleges that, although it was paid a portion of the amount owed on the Subcontract, Chasco had not paid all amounts due. Chasco agrees that Swanda has not been paid in full for all work it performed. However, Chasco contends that payment is not due until KCOA makes final payment to Chasco, and it has not done so. Chasco also argues that KCOA has not accepted all work performed by Swanda and Swanda's subcontractors.

To perform its Subcontract, Swanda engaged other subcontractors, including Haggerty. Haggerty intervened in the lawsuit to assert its contention that it is also due payment for work it performed on the Casino construction. Haggerty contends that, although it has received partial payment from Swanda, it is owed approximately $189,917.55. In its summary judgment motion, Haggerty argues the undisputed material facts establish that Swanda has breached its subcontract with Haggerty and is obligated to pay this amount.

Swanda does not dispute that Haggerty submitted to it additional requests for payment, and Swanda has not paid the full amount sought by Haggerty. However, Swanda argues that, under this Court's previous ruling on Swanda's motion for summary judgment, the amount is not due until KCOA satisfies the amount owed on the contract with Chasco, and Chasco pays Swanda the amount due on their Subcontract. Swanda further argues that the amount claimed by Haggerty is subject to dispute because KCOA did not accept all work performed by Haggerty, and whether full payment is owed must be determined by a jury.

II. Summary judgment standard

Summary judgment is proper where the undisputed material facts establish that one party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A material fact is one which may affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  To avoid summary judgment, a plaintiff must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.*  The facts in the record and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *Swackhammer v. Sprint/United Mgmt. Co.,* 493 F.3d 1160, 1167 (10th Cir. 2007); *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).  However, to establish the existence of a "genuine" material factual dispute, the nonmoving party must present evidence to show more than "some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 45 U.S. 574, 588 (1986).

III. The record in this case

The lengthy history of this litigation need not be repeated here, as the numerous developments and delays in the litigation process do not impact Haggerty's motion for summary judgment.  In brief, it is not disputed that KCOA has withheld payment on its contract with Chasco, citing certain deficiencies in the work performed.  It is also not disputed that Chasco has not paid Swanda, and Chasco takes the position that it is not required to do so until Chasco receives final payment from KCOA.

In its Order [Doc. No. 96] ruling on the cross-motions for summary judgment of Swanda and Chasco, the Court held that the Subcontract they executed contains an unambiguous and valid "pay

if paid" clause.  *See Swanda Brothers, Inc. v. Chasco Constructors, Ltd., L.L.P.,* 2010 WL 476639, at * 3 (W.D. Okla. Feb. 4, 2010) (unpublished opinion).  Accordingly, payment by KCOA is a condition precedent to Chasco's obligation to pay Swanda.  *Id.*

The record reflects that, on March 8, 2007, Swanda notified Chasco that Swanda's work pursuant to the Subcontract was completed.  Exs. 3 and 4.  Thereafter, Swanda began its efforts to collect the amount due on the Subcontract by submitting letters and email communications.  Exs. 3, 5, 6, and 7.  These efforts were unsuccessful and, on February 26, 2008, Swanda filed this lawsuit.  Notwithstanding the passage of time since the lawsuit was filed, KCOA has not paid Chasco, and Chasco has not paid Swanda.

The record also reflects that Chasco has withheld payment to Swanda in part because of claimed deficiencies in the work performed by Swanda or its subcontractors, including Haggerty.  The record shows that some of the deficiencies cited by Chasco were based on work performed by Haggerty.  According to Chasco, some of the work performed by Haggerty is the subject of a "back charge," or deduction, claimed by Chasco.  Deposition of Jeff Sasser, Swanda Ex. 1, p. 12, lines 1-21.  In his deposition, Mr. Sasser testified that Chasco raised several issues concerning the quality of the work performed by Haggerty, and concerns regarding Haggerty's work were part of the reason Chasco denied Swanda the full overhead charge it sought.  *Id.,* p. 33, lines 14-19; p. 34, lines 1-8.  Curtis Cline, another representative of Chasco, executed an affidavit in this case in which he criticized Haggerty's work.  Affidavit of Curtis Cline [Doc. No. 43-2] at ¶ 7.  Chasco has cited deficiencies including Haggerty's delayed installation of  refrigeration units, Haggerty's failure to install the units in a workmanlike manner, and its failure to install piping per the manufacturer's requirements, resulting in the need to replace the piping.  *See* Chasco answers to interrogatories,

quoted at page 5 of the response brief; Ex. 2 to Swanda's response brief.   Chasco stated that Haggerty committed two errors which resulted in a delay of the project's completion.  These include the allegation that Haggerty provided the wrong sink template for sinks to be installed in the Casino restrooms, and the template was used to cut the granite countertops; as a result of Haggerty's error, Chasco contends that it was necessary to redo this part of the project, resulting in delay and additional expense.   *Id.*   Chasco also contends that Haggerty's failure to properly install the refrigerant piping delayed the start up of the air conditioning system for the Casino, thereby delaying completion of the entire project.   Chasco also claims that further delay was caused by the need to determine how to correct Haggerty's alleged mistakes.   *Id.*   The record reflects Chasco took the position that it would claim offsets against Swanda as a result of the foregoing and, as a result, it delayed payment to Swanda.   Ex. 2 to response brief.

The record also reflects that KCOA informed Chasco of certain deficiencies in the Casino construction, including but not limited to those resulting from work performed by Haggerty.   *See* affidavit of Lee Rhoades of KCOA [Doc. No. 43-3].   KCOA disputed that the work performed by Swanda or Haggerty, for which funds were being withheld, "meets the contract requirements," and KCOA had "expended approximately $99,700.00 to repair problems relating to the ducts installed by Swanda and/or Haggerty."  Rhoades affidavit at ¶¶ 6-8.  Mr. Rhoades also conveyed KCOA's belief that there "may be additional problems with work performed by Swanda and/or Haggerty."   *Id.*

The record further reflects that Swanda took issue with some of the deficiencies noted by Chasco and KCOA, and continued its efforts to collect payment.  Exs. 5, 6, and 7 to response brief.  More than six months prior to filing this lawsuit, Swanda responded to Chasco's claimed credits

on the Subcontract.  September 25, 2007 letter from Swanda to Chasco, Ex. 7 to response brief.  A copy of this correspondence was provided to Haggerty.  *Id.*

IV.  Application

Haggerty argues in its motion that its subcontract with Swanda is a "pay-when-paid" contract, in contrast to the Swanda subcontract with Chasco.  Swanda agrees that Haggerty's interpretation is correct according to the Tenth Circuit Court of Appeals.  *See, e.g., MidAmerica Construction Management, Inc. v. Mastec North America, Inc.,* 436 F.3d 1257 (10th Cir. 2006). Because the parties agree to this interpretation of the Haggerty/Swanda subcontract, the Court need not analyze the terms of their agreement.

Swanda and Haggerty further agree that, under a "pay-when-paid" contractual agreement, "a contractor's obligation to pay the subcontract is triggered upon receipt of payment from the owner."  *MidAmerica,* 436 F. 3d at 1261.  As both point out, however, "the obligation to make payment is suspended for a reasonable amount of time for the contractor to receive payment from the owner."  *Id.*   The parties' disagreement hinges upon this point, as Haggerty argues that the time period since completion exceeds a reasonable time, while Swanda argues that the time period is reasonable under the unique circumstances of this case.  Swanda further argues that its efforts to collect the amount claimed as owed, including its filing of this lawsuit, are reasonable actions which justify the delay.

As Swanda argues, courts interpreting "pay-when-paid" clauses have held the purpose of the clause is to "postpone payment for a reasonable period of time...during which the general contractor will be afforded the opportunity of procuring payment from the owner" of the funds needed to pay the subcontractor.  *See, e.g., Thomas J. Dyer Co. v. Bishop International Engineering Co.,* 303 F.2d

655, 661 (6th Cir. 1962); *R&L Acoustics v. Liberty Mut. Insurance Co.,* 2001 WL 1249658, at *7 (Conn. Super. Sept. 27, 2001) (unpublished opinion); *Seal Tite Corp. v. Ehret, Inc.,* 589 F. Supp. 701, 703-05 (D. N.J. 1984).   Courts considering whether a reasonable time has expired have held that the issue may present a question of law in some circumstances, while it creates a factual question in others.   *R&L Acoustics,* 2001 WL 1249658, at *7.   According to the general rule discussed in these decisions, where the parties do not dispute the facts and the non-movant does not claim its delay was reasonable, a court may treat the question of what constitutes a reasonable time as a question of law.   *Id.*   If the non-movant contends the delay is reasonable, however, the court should analyze the issue as a factual question.   *Id.*

When assessing the reasonableness of the delay, the Court should also take into consideration whether the non-movant has attempted to collect the full amount owed by the contractor.   *Avon Brothers, Inc. v. Tom Martin Construction Co., Inc.,* 2000 WL 34241102, at * 8 (N.J. Super. Aug. 30, 2000) (unpublished opinion).   Thus, "the 'reasonable time' for postponing payment has been held to include the time within which the general contractor is actively pursuing collection and while there remains a reasonable likelihood that the general contractor will actually collect the final payment due from the owner."   *Id.*   While the *Avon* court also found that, under the facts of that case, a three-year delay was not reasonable, it did so in part because there were no allegations that payment was being withheld because of deficiencies in the subcontractor's work.

As Swanda points out, the record in this case establishes that claimed deficiencies in Haggerty's work are at least in part the reason payment has not been made by KCOA to Chasco and, in turn, by Chasco to Swanda.   While it may ultimately be determined in this case that these allegations of deficient performance are unwarranted, that is an issue to be determined by a jury.

7

Similarly, whether the delay in obtaining payment was reasonable in this case presents a fact question to be resolved by the jury, and summary judgment is precluded.

V.  Conclusion

For the foregoing reasons, the Court concludes that Haggerty's motion for summary judgment [Doc. No. 169] must be DENIED because material factual disputes preclude judgment as a matter of law.

IT IS SO ORDERED this 26th day of September, 2012.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE